James L. Buchal, OSB No. 921618  THE HONORABLE MARK D. CLARKE
E-mail: jbuchal@mbllp.com
MURPHY & BUCHAL LLP
P.O. Box 86620
Portland, OR 97286
Tel: 503-227-1011
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NICHOLAS BAIR, <br><br> Plaintiff, <br><br> V. <br><br> JACOBS ENGINEERING GROUP, INC., a Delaware corporation, and JACOBS PROJECT MANAGEMENT CO., a Delaware corporation, <br><br> Defendants. | Case No. 1:23-CV-01392-CL <br><br> **PLAINTIFF'S AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

**Parties**

1. Plaintiff Nicholas Bair is a resident of Jackson County.

2. Defendant Jacobs Engineering Group, Inc., is a Delaware corporation registered to do business in Oregon.

3. Defendant Jacobs Project Management Co. is a Delaware corporation registered to do business in Oregon.

4. Both defendants have more than 15 employees and have been employers engaged in an industry affecting commerce. Plaintiff received communications from

Page 1:   PLAINTIFF'S AMENDED COMPLAINT

both defendants relating to this status as an employee, and names both in the alternative, identifying them as "defendant" below.

## Jurisdiction and Venue

5.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 & 1343, and 42 U.S.C. § 2000e-5(f)(3).  The employment practices alleged to be unlawful were committed within the State of Oregon and within the jurisdiction of the United States District Court for the District of Oregon.

## Background

6.    On July 15, 2019, plaintiff was hired in the Medford office of defendant as a Construction Project Manager, at a salary of approximately $160,000 a year.

7.    Plaintiff worked as the Construction Manager on a construction project undertaken by defendant for Asante Rogue Medical Center.  The contract between defendant and Asante was expected to continue through the year 2024, and it was the expectation of plaintiff and defendant that plaintiff would be employed to manage construction throughout that contract.

8.    Plaintiff received positive employee reviews and was described as exceeding expectations as an employee.  At the time of his termination, had experienced an increase in pay.

9.    The work involved, among other things, meetings among representatives of defendant (including plaintiff), representatives of Asante, and others.  At all relevant times, plaintiff could have participated remotely in such meetings.

10.    Plaintiff's boss was Gary Adams, the Program and Construction Manager. At all relevant times, Mr. Adams engaged in rude, demeaning and bullying behavior against plaintiff and others.  All actions taken by Mr. Adams were in the scope of his employment with defendant, and Mr. Adams was a substantial factor in the employment decisions challenged herein.  Mr. Adams advised plaintiff that he had sole authority from

defendant to make the decision as to who would be allowed to work remotely and who would not.

11. Asante advised plaintiff that it was within the discretion of Mr. Adams as to whether plaintiff could continue working on the project remotely or not.

12. Working on the project remotely, like other managers associated with the project, would not have impaired plaintiff's ability to provide the services required by the defendant and Asante. Indeed, Mr. Adams frequently worked remotely.

13. In August 2021, defendant issued a general notice that employees must be vaccinated against COVID-19.

14. Plaintiff advised defendant that he had sincere religious objections against such vaccination, and defendant demanded documentation of such objections.

15. On or about September 13, 2021, plaintiff provided defendant with a signed letter explaining the religious basis for his objection and its roots in the Catholic faith, accompanied by a certification from his priest that plaintiff "is a baptized Catholic and regular to Church".

16. Defendant rejected plaintiff's request for accommodation to his religious objections to vaccination and demanded that plaintiff appear to work onsite and be fully vaccinated by October 18, 2021.

17. When plaintiff refused to do so, defendant placed plaintiff on what it called a "Company Convenience Leave of Absence" for sixty days, purporting to offer plaintiff the opportunity of additional work opportunities within defendant.

18. Mr. Adams, however, told plaintiff that he would not be relocated to any other employment by defendant, and that plaintiff should not even bother to apply for such other locations if he remained unwilling to get vaccinated.

19. Other employees, particularly female employees, were provided religious accommodations to the vaccine mandate.

20. On or about February 7, 2022, defendant terminated plaintiff.

Page 3:   PLAINTIFF'S AMENDED COMPLAINT

21.    On or about July 10, 2022, plaintiff filed a complaint with the Oregon Bureau of Labor & Industries, which was also automatically "dual-filed" with the U.S. Equal Opportunity Commission, alleging that defendant had committed unlawful employment practices in the nature of religious and sexual discrimination refusing to make accommodations for plaintiff's religious opposition to vaccination (though female employees have been afforded accommodations).

22.    On or about June 8, 2023, the Bureau of Labor and Industries issued a notice letter declaring that the Civil Rights Division did not find sufficient evidence to continue its investigation, and advising that plaintiff might file a civil action within ninety days of the June 8, 2023 mailing date of the notice.

23.    On or about August 28, 2023, the U.S. Equal Opportunity Commission issued a notice stating that it would not proceed further with its investigation and would make no determination about whether further investigation would establish violations of the law, and advising that plaintiff might file a civil action within ninety days of receipt of the notice.

24.    Upon information and belief, no real investigation was conducted.

### FIRST CLAIM FOR RELIEF:  ORS 659A.885

25.    Plaintiff realleges paragraphs 1 through 24 as if set forth herein.

26.    Defendant's conduct as alleged above constitutes a violation insofar as its decisions to reject plaintiff's request for religious accommodation, place him on leave and ultimately terminate him were unlawful employment practices in violation of ORS 659.030.

27.    Defendant failed to provide reasonable accommodations for plaintiff's sincerely held religious beliefs against vaccination.

28.    The vaccine demand was not a *bona fide* occupational qualification reasonably necessary to the normal operation of defendant's business.

29. Plaintiff is entitled to reinstatement and back pay pursuant to ORS 659A.885(1), in an amount to be proven at trial.

30. Plaintiff is entitled to additional compensatory damages pursuant to ORS 659A.885(3), reasonably measured by continued pay to at least the completion of Asante contract.

31. Plaintiff has suffered damages presently and roughly estimated at $500,000, which defendant is liable to pay. This includes economic damages in the nature of lost income, as to which prejudgment interest should be awarded, and non-economic damages through extreme stress and damage to plaintiff's reputation caused by the abusive conduct of Mr. Adams in response to plaintiff's invocation of religious objections to vaccination.

## SECOND CLAIM FOR RELIEF: TITLE VII

32. Plaintiff realleges paragraphs 1 through 31 as if set forth herein.

33. Defendant's conduct as alleged above constitutes a violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e to 2000e-17, insofar as its decisions to reject plaintiff's request for religious accommodation, place him on leave and ultimately terminate him were unlawful employment practices in violation of the prohibitions against religious and sexual discrimination set forth in §§ 2000e(j) & (k) and 2000e-2(a).

34. More specifically, defendant failed or refused to provide plaintiff with a reasonable accommodation of his sincerely held religious beliefs, and discriminated against plaintiff on the basis of his sex in failing to provide such accommodations.

35. The effect of the conduct alleged herein was to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religious beliefs and his sex.

WHEREFORE, plaintiffs pray that this Court award:

A.     On his First and Second Claims for Relief, for judgment for damages in an amount to be proven at trial exceeding $500,000;

B.     For his costs of suit;

C.     For his attorney fees pursuant to ORS 659A.885 and/or 42 U.S.C. § 2000e-5(k); and

D.     For such other and further relief as the Court may deem just and proper.

Dated:  November 17, 2023.

                                    */s/  James L. Buchal*
                                    James L. Buchal, OSB No. 921618
                                    MURPHY & BUCHAL LLP
                                    P.O. Box 86620
                                    Portland, OR 97286
                                    Tel:  503-227-1011
                                    Fax:  503-573-1939
                                    E-mail:  jbuchal@mbllp.com;
                                    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I electronically filed the foregoing PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ James L. Buchal*
James L. Buchal

Page 7:   PLAINTIFF'S AMENDED COMPLAINT